

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Attention:  Mr. Conrad J. Landram

Dear Sir:                          Opinion No. 0-4961
                                   Re:  Under the facts stated is the
                                        county judge entitled to re-
                                        ceive the commission allowed
                                        by Article 3926, Vernon's An-
                                        notated Civil Statutes on all
                                        of the actual cash receipts of
                                        the administrator when all such
                                        cash is community property, or
                                        only upon one-half of such cash
                                        receipts as representing the
                                        interest of the decedent?

        Your letter of November 7, 1942, requesting the opin-
ion of this department on the above stated question reads in
part as follows:

        "At the request of Mr. H. L. Washburn, County
Auditor, I respectfully request your opinion on
the following question he propounds.  I quote from
his letter:

        "'Subdivision 1, of Article 3926, Vernon's
Annotated Texas Statutes, provides that the
County Judge shall receive a commission of
one-half of one per cent of the actual cash
receipts of each executor, administrator, or
guardian, upon the approval of exhibits and
the final settlement.  In cases of administra-
tion with the will annexed, and in cases of
ordinary administration, does this rate of com-
mission apply upon the actual cash receipts of

the administrator, all of which cash is community property, or only upon one-half of such cash receipts as representing the interest of the decedent?

"'I have before me at this time an estate in which the cash receipts represent community property having arisen from income derived from community property during the pendency of the estate, from the sale of community property, rents on community property, and like items. The case is an administration with the will annexed, and all of the property of the deceased was willed to the surviving spouse.'

"I have discovered no case involving this precise set of facts. From the investigations I have made I have reached the tentative conclusion, herewith submitted for your consideration, that the commissions of the County Judge must be calculated upon the entire cash received from the full community interest including the one-half interest of the surviving wife.

"I base this conclusion on the well settled rule that the administrator of the deceased husband, even under a will, has the exclusive right to administer the entire community property and not just a portion of it, and that for purposes of administration the entire community interest is regarded as belonging entirely to the estate of the husband. Lovejoy vs. Cockrell, Sec. A, 63 S. W. (2d) 1011. Since the entire community estate is subject to administration by the Probate Court it follows that the County Judge is liable on his official bond for the proper administration of the entire community interest by the administrator of the deceased husband, and it would therefore be fair to allow him his commissions or compensation on the full receipts from the community estate and not from half of the receipts only.

".  .  .  ."

Article 3926, Vernon's Annotated Civil Statutes reads in part as follows:

"The County Judge shall also receive the following fees:  1.  A commission of one-half of one

Honorable Dan W. Jackson, Page 3

percent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any account received by any such executor, administrator or guardian."

Your question involves the proposition whether or not the County Judge is entitled to the commission allowed by Article 3926, Vernon's Annotated Civil Statutes to be calculated on the cash received by the administrator or administratrix which is community property or only upon one-half of such cash receipts as representing the interest of the decedent in cases of administration with the will annexed and in cases of ordinary administration.

The term "receipts" as used in the statute does not embrace cash on deposit in banks at the time of the death of the testator. (Tex. Jur., vol. 25, p. 260; Goodwin v. Downs, 280 S. W. 512; Willis v. Harvey, 26 S. W. (2d) 288).

It is also well established that the County Judge is not entitled to the statutory fee where the estate was administered by an independent executor or by a community survivor. Article 3627, Vernon's Annotated Civil Statutes, provides:

"When a husband or wife shall die leaving any common property, the survivor may, at any time after letters testamentary or of administration have been granted, and an inventory, appraisement and list of claims of the estate have been returned, make application in writing to the court which granted such letters for a partition of such common property, which application shall be acted upon at some regular term of the court."

Unless there is a partition of the common or community property as authorized by Article 3627, supra, we are of the opinion that the county judge would be entitled to his commission on all of the cash receipts received by the administrator or the administratrix notwithstanding the fact that such receipts are community property. Except, as above stated, cash on deposit in banks at the time of the death of the testator. It is our opinion that the judge would be entitled to

the commissions as above mentioned in both cases of administration with the will annexed and in cases of ordinary administration.

In connection with the foregoing we want to point out that the county judge would not be entitled to receive such commissions or fees personally but under the Officers' Salary Law he must collect the same and deposit them in the Officers' Salary Fund.

We have been unable to find any case where the questions involved in this opinion have been decided by the appellate courts. However, as above stated, it is our opinion that the county judge is entitled to the commission on all the cash receipts received by the administrator or administratrix in both cases mentioned in your inquiry unless there has been a partition of such common or community property as authorized by Article 3627.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:mp.

APPROVED NOV 18, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

